IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01130-MEH

GREAT NORTHERN INSURANCE COMPANY as subrogee of Angelique Moyer and Kyle Moyer,

    Plaintiff,

v.

DENVER WATER,

    Defendant.

## ORDER ON MOTION TO DISMISS

**Michael E. Hegarty, United States Magistrate Judge.**

    Angelique and Kyle Moyer's home in Denver suffered water damage due to burst pipes. Plaintiff covered the loss and seeks subrogation in this lawsuit through a negligence claim, contending that some act of Denver Water created a pressure surge in the Moyer home that caused the pipes to burst. Defendant Denver Water has moved to dismiss this case under Fed. R. Civ. P. 12(b)(1) and (6) on numerous bases, including its operating rules (which define Denver Water's responsibilities as ending at the main water line and excluding water issues in a home); Colorado statutory law that excludes a homeowner's internal plumbing as part of any public water facility; Plaintiff's failure to state a claim for negligence (including the lack of a duty of care); and other grounds. Because I find that this Court lacks subject matter jurisdiction over Plaintiff's claim, I do not reach the majority of Denver Water's arguments and will grant the Motion to Dismiss.

    The Colorado Governmental Immunity Act (CGIA), Colo. Rev. Stat. §§ 24-10-105 & 24-10-106(1), permits negligence suits against the State's political subdivisions, including actions against Denver Water if it was negligent and such negligence arose from the "operation and maintenance"

of "a public water facility." In order to bring such a claim, Plaintiff must have filed "a written notice . . . within one hundred eighty-two days after the date of the discovery of the injury." *Id.* § 24-10-109(1). This notice must contain, among other things, "a concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of," *Id.* § 24-10-109(2)(b); and "[a] concise statement of the nature and extent of the injury claimed to have been suffered." *Id.* § 24-10-109(d). The statute states that "[c]ompliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought" under the act. *Id.* § 24-10-109(1). *See Maestas v. Lujan*, 351 F.3d 1001, 1014 (10th Cir. 2003). "The CGIA notice of claim provision is both a condition precedent and a jurisdictional prerequisite to suit under the CGIA, must be strictly applied, and failure to comply with it is an absolute bar to suit." *City and Cty. of Denver v. Crandall*, 161 P.3d 627, 634 (Colo. 2007). While strict compliance is required concerning the timeliness of the notice, the adequacy of the notice's contents is analyzed under a "substantial complaint standard." *Id.* at 632 n.5. "Substantial compliance requires a good faith effort to include, as far as is reasonably possible, the listed information." *Awad v. Breeze*, 129 P.3d 1039, 1041 (Colo. App. 2005), *as modified on denial of reh'g,* (June 9, 2005), *cert. denied*, (Colo. Feb. 27, 2006); *see also* Cassidy v. Reider, 851 P.2d 286, 288 (Colo. App. 1993) (quoting *Woodsmall v. Reg'l Transp. Dist.*, 800 P.2d 63, 68 (Colo. 1990)) ("'substantial' compliance [is] a degree of compliance 'considerably more than minimal, but less than absolute.'"). To substantially comply with the notice requirement, a claimant is required "to file written notice with the public entity and to make a good faith effort to include within the notice, to the extent the claimant is reasonably able to do so, each item of information listed in Section 24–10–109(2)." *Woodsmall*, 800 P.2d at 69.

Because subject matter jurisdiction is a threshold inquiry for federal courts, I must address this argument prior to any determination of the Complaint's sufficiency. *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1254 (10th Cir. 2015). At issue here is the CGIA notice provided by Plaintiff to Denver Water. Plaintiff pleads: "Pursuant to C.R.S. 24-10-109, a proper Notice of Claim was provided to Defendant via Certified Mail on October 12, 2018." Complaint, ECF 1 at 3 ¶ 17. Plaintiff attached this notice to its opposition to the Motion to Dismiss.[1] ECF 26-6. It stated:

> *Re:   Insured Name:       Angelique & Kyle Moyer*
> *       Insured Policy#/Occ:    001441977401/000002*
> *       Claim Ref. Number:  092018013146*
> *       Date of Loss:       7/26/2018*
> *       Amount of Claim:    $87,168.75*
> *       Writing Company:    Great Northern Insurance Company*
>
> *Dear Whom It May Concern:*
>
> *Our investigation indicates that you are responsible for the damages to our insured's property which occurred on or about 7/26/2018.*
>
> *We request reimbursement to the extent of our payment plus our insured's deductible.*

As a matter of law, I find that this notice does not comply with the CGIA, nor does it even approach a "good faith effort to include . . . each item of information listed in Section 24-10-109(2)." It does not provide (1) the factual basis of the claim, including the time, place, and circumstances of the act, omission, or event complained of, and it says nothing of (2) the nature and extent of the injury claimed to have been suffered (other than a dollar amount). Plaintiff certainly had all this information when it drafted the notice but inexplicably omitted it.

In *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 298 (Colo. App. 2009), *as modified on denial of reh'g* (June 11, 2009), plaintiff was a contractor working on a water

---

[1] In determining the Court's subject matter jurisdiction, I may refer to documents outside the pleadings without converting the motion to a Rule 56 motion for summary judgment. *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 716 (10th Cir. 2009).

3

drainage project for the City of Louisville, Colorado. Problems arose in the project, and the City assessed liquidated damages against the plaintiff for failure to meet deadlines. Plaintiff sent a letter objecting to the liquidated damages and stating that any delay was due to the design for the draining system. Plaintiff itself sought damages against the City for economic losses. In its complaint plaintiff alleged, among other things, that the City knew about drainage issues prior to plaintiff being awarded the contract ("pre-contractual claims") and concealed them from plaintiff. Plaintiff's CGIA notices alleged that the City knew of problems before plaintiff got its contract but did not specifically allege the City knew of the drainage problem. The Colorado Court of Appeals found this inadequate and affirmed the district court's dismissal of pre-contractual claims for lack of subject matter jurisdiction based on the CGIA notice. I believe the notice the court of appeals rejected in *Hamon Contractors* was much more detailed than the notice here.

One requirement that Colorado state courts place on the plaintiff is that the CGIA notice "put the public entity on notice of the theory on which a forthcoming lawsuit will rest." *Miller v. Mountain Valley Ambulance Serv., Inc.*, 694 P.2d 362, 364 (Colo. App. 1984). In *Miller*, plaintiffs, family members of someone who died from electric shock, sued for negligence against a city ambulance service, but the notice never mentioned the ambulance service or the care administered to the decedent. The court of appeals stated that the notice must at least state a factual basis for the anticipated lawsuit. Here, the notice states no such factual basis.

It is helpful to analyze notices that did pass jurisdictional muster. In *Stocks v. City of Aurora*, No. 13-cv-01141-RBJ-CBS, 2014 WL 1661509, at *4 (D. Colo. Apr. 24, 2014), the plaintiff had alleged constitutional violations based on illegal searches and seizures of property, stating he suffered economic losses associated with the seizures, causing his business to be shut down during peak season. In *Handy v. Cummings*, No. 11-cv-00581-WYD-KMT, 2014 WL 128001, at *1 (D.

4

Colo. Jan. 14, 2014), the plaintiff's notice named the individual person who had allegedly committed battery against him, which the court held was sufficient to bring a claim for assault and battery. In *Ayala v. San Nicolas*, No. 05-cv-00427-WDM, 2007 WL 135608, at *2 (D. Colo. Jan. 16, 2007), the notice advised the sheriff of the circumstances of the plaintiff's arrest, his injuries, and the allegation that the defendant refused to follow a doctor's recommendation that plaintiff receive surgery, thus depriving plaintiff of proper medical care. In *Estate of Petrillo v. City of Aurora*, No. 02-cv-01171-ZLW, 2005 WL 1500965, at *1 (D. Colo. June 24, 2005), the notice alleged that a police officer murdered their mother, and that the city negligently hired and monitored the officer. In *Bresciani v. Haragan*, 968 P.2d 153, 159 (Colo. App. 1998), the notice stated that the plaintiffs' home and property was unnecessarily damaged by a search conducted by defendant officers, the search being a violation of their civil liberties.

In every reported case finding the notice sufficient, the aggrieved person provided some description of the event that prompted the lawsuit. Here, Plaintiff provided none. Indeed, Plaintiff rightfully acknowledges it "did not include a statement of the nature and extent of the injury." Resp., ECF 26 at 11. Plaintiff had, by the time of its notice, paid $87,168.75 *for something*, but utterly failed to share with Denver Water what the damages were for. As in *Conde v. Colorado State Dep't of Pers.*, 872 P.2d 1381, 1386 (Colo. App. 1994), the notice here "contains no pertinent factual information whatsoever." By no means can I find on this record "a good faith effort to include within the notice, to the extent the claimant is reasonably able to do so, *each item* of information listed in Section 24–10–109(2)." *Woodsmall*, 800 P.2d at 69 (emphasis added). To hold otherwise would render the statute meaningless.

One final thought bears mentioning. The analysis here is whether a statute that governs subject matter jurisdiction for claims against a Colorado governmental entity has been complied

5

with. It is tempting to look at whether Denver Water knew, from some other source, what Plaintiff's Complaint was all about because, after all, the purpose of the notice requirement "is to recognize and insure that the governing body or its attorney be directly involved, advised, and notified of potential litigation." *Crandall*, 161 P.3d at 632. Such an endeavor would not comport with Colorado law. "Actual knowledge of the claim, however, does not take the place of formal notice." *Conde v. Colorado State Dep't of Pers.*, 872 P.2d 1381, 1386 (Colo. App. 1994). To give some context, prior to 1986, Section 24-10-109(1) explicitly required "substantial" compliance with the CGIA notice. In 1986, the Colorado legislature deleted the word "substantial." In 1990, the Colorado Supreme Court found that the legislature did not intend to implement an absolute or literal compliance requirement, "but rather intended a degree of compliance that was considerably more than minimal but less than absolute," *Woodsmall*, 800 P.2d at 68, ultimately characterizing the level of compliance as "substantial," exactly the term deleted from the law. *Id.* But, "the deletion was meant to prevent courts from 'seizing on the word "substantial" to allow all manner of defective notice to be considered.'" *Conde*, 872 P.2d at 1386 (quoting *Woodsmall*, *id.*).

For these reasons, Defendant's Motion to Dismiss [filed August 6, 2020; ECF 24] is **granted.**

Entered and dated at Denver, Colorado, this 12th day of November, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

6